INNOVINO INTERNATIONAL, INC.
Danielle Hall, Esq. (DH-5811)
General Counsel
7707 North University Drive
Suite 108
Tamarac, FL 33321
(305) 505-6205

Attorney for Plaintiff
INNOVINO INTERNATIONAL, INC.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| INNOVINO INTERNATIONAL, INC., | Civil Action No. |
| Plaintiff, | JURY TRIAL DEMANDED |
| vs. | |
| OPERA WINE IMPORT, LLC; OPERA WINE IMPORTS, LLC; LUCA CIMMAROTTA; and STEPHANIA CHIARO | |
| Defendants. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff INNOVINO INTERNATIONAL, INC. ("INNOVINO"), sues Defendants named above and says:

## STATEMENT OF THE CASE

This is a suit by INNOVINO against Defendants OPERA WINE IMPORT, LLC; OPERA WINE IMPORTS, LLC; LUCA CIMMAROTTA; and STEPHANIA CHIARO for preliminary and permanent injunctions, statutory damages, treble damages, profits, compensatory damages, punitive damages, pre-judgment interest, attorneys' fees, and costs from Defendants for Plaintiff's trademark that Defendants have willfully and maliciously infringed. As set forth below, the unlawful acts of Defendants constitute trademark infringement and unfair competition.

## JURISDICTION AND VENUE

1. This is an action for infringement of a federally-registered trademark and for unfair competition in violation of the laws of the United States, 15 U.S.C §§ 1114(1) and 1125(a) ("The Lanham Act") and the unfair competition laws of the State of new Jersey.

2. The claims alleged in this Complaint arise in the State and District of New Jersey.

3. This Court has original jurisdiction over this dispute pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. § 1338(a), as this action arises under the Lanham Act (15 U.S.C. §§ 1501 *et seq.*).

4. This Court has jurisdiction over INNOVINO's claims of unfair competition arising under state law pursuant to 28 U.S.C. § 1338(b), as well as pendent jurisdiction over those and the remaining claims.

5. This Court has supplemental jurisdiction over INNOVINO's state law claims set forth in this Complaint pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this district under 28 U.S.C. § 1391, as Defendants do business in this district, and upon information and belief, have provided products and services in this district that are the subject of this suit.

7. Defendants are now, and at all times relevant to this Complaint have been, subject to personal jurisdiction in the State and District of New Jersey.

## **PARTIES**

8. INNOVINO is a corporation duly organized and existing under the laws of the State of Florida, with its principal place of business at 7707 North University Drive, Suite 108, Tamarac, Florida 33321.

9. Upon information and belief, Defendant Opera Wine Import, LLC is a limited liability corporation organized under the laws of the State of New Jersey with its principal place of business at 809 Hylton Road, Suite 9, Pennsauken, New Jersey 08110.

10. Upon information and belief, Defendant Opera Wine Imports, LLC is a limited liability corporation organized under the laws of the State of New Jersey with its principal place of business at 809 Hylton Road, Suite 9, Pennsauken, New Jersey 08110.

11. Upon information and belief, Defendant Luca Cimmarotta is an individual residing at 625 North Harvard Ave, Cherry Hill, New Jersey 08002.

12. Upon information and belief, Defendant Luca Cimmarotta is an owner, employee and/or agent of Opera Wine Imports, LLC and/or Opera Wine Import, LLC ("Opera Wine").

13. Upon information and belief, Defendant Stephania Chiaro is an individual residing at 625 North Harvard Ave, Cherry Hill, New Jersey 08002.

14.     Upon information and belief, Defendant Stephania Chiaro is an owner, employee and/or agent of Opera Wine.

15.     Defendants Opera Wine Import, LLC, Opera Wine Imports, LLC, Luca Cimmarotta, and Stephania Chiaro are hereinafter collectively referred to as "Defendants".

## BACKGROUND
### INNOVINO and Its Trademark

16.     INNOVINO is a wine import, distribution and marketing company. INNOVINO's outstanding wines are purchased by trade, retailers, wholesalers and customers throughout the United States.

17.     INNOVINO has devoted substantial time, effort, and resources to the development and extensive promotion of the INNOVINO trademark and logo and the products and services offered and affiliated thereunder.  As a result INNOVINO's efforts, the public has come to recognize and rely upon the INNOVINO trademark and logo as an indication of the high quality associated with Plaintiff's wine products and services.

18.      INNOVINO owns numerous trademarks in connection with the importation, distribution, sale, labeling and promotion of wine and related products and services.

19.     INNOVINO is the owner of the following federal trademark registration in the United States Patent and Trademark Office ("USPTO"),  which is the subject of this suit and a copy of which is depicted below and  annexed as Exhibit A:

| Trademark | Registration No. | Registration Date |
|---|---|---|
| InnoVino International | 3827849 | August 3, 2010 |

20.     At all times relevant hereto, the INNOVINO trademark was in full force and effect on the USPTO Principal Register, and gives rise to presumptions in favor of INNOVINO with respect to its validity, ownership and exclusive rights to use the INNOVINO trademark and logo throughout the United States.

21.     The INNOVINO trademark and logo is associated with INNOVINO in the minds of customers, the public and trade.

22.      INNOVINO has used the INNOVINO trademark and logo since 2009 on or in connection with its importation, distribution, sales, labeling, marketing and promotion of its wine products and wines.  INNOVINO has used the INNOVINO trademark and logo continuously in the United States in commerce since that time.

23.     The INNOVINO trademark and logo signifies and identifies high quality products imported and/or distributed by INNOVINO.

24.     The INNOVINO trademark and logo is inherently distinctive as applied to Plaintiff's goods and services that bear the mark.

25.     As a result of INNOVINO's long-term and widespread use of the INNOVINO trademark and logo in the United States via internet, print advertising, product labeling, company representation, company logo and widespread distribution, the INNOVINO trademark and logo

- 5 -

enjoys a high degree of customer and trade recognition. As such, the INNOVINO trademark and logo has become imbued with goodwill and renown, which is exclusively associated with the Plaintiff.

## DEFENDANTS' INFRINGING ACTIVITIES / WRONGFUL CONDUCT

26. Defendants operate a wine import and distribution company in New Jersey, Delaware, Maryland and Pennsylvania.

27. An example of Defendants' use of the Opera Wine designation ("infringing designation") is reproduced from the Opera Wine website www.operawineimports.com below:



28. Without Plaintiff's consent, Defendants have used the infringing designation in connection with the sale, offering for sale, distribution, importation, labeling and/or advertising of its goods.

29. Upon information and belief, Defendants were aware of the INNOVINO trademark and logo and Plaintiff's rights in and to such trademark, prior to adopting and using the infringing designation.

30. Upon information and belief, Defendants chose the infringing designation to confuse and deceive customers that their goods were associated with, approved by, or sponsored by INNOVINO.

- 6 -

31. The services offered by Defendants in connection with the infringing designation are highly similar to and directly competitive with the services provided by Plaintiff under its INNOVINO trademark and logo.

32. Defendants' actions are likely to lead the public to conclude, incorrectly, that its goods and/or services originate with or are authorized by Plaintiff, which will damage both Plaintiff and the public.

33. Plaintiff has no association, affiliation, sponsorship, or any other connection to Defendants.

34. Upon information and belief, such deception and confusion was intentional and designed by Defendants to trade off and capitalize on Plaintiff's goodwill and reputation.

35. When INNOVINO learned of Defendants' conduct, it notified the Defendants on May 13, 2013 that they had been infringing INNOVINO's trademark and logo.

36. Despite having such notice, Defendants have not ceased nor desisted from their wrongful conduct.

## FIRST CLAIM FOR RELIEF

### Infringement of Registered Trademarks In Violation of 15 U.S.C. § 1114(1)

37. Each of the foregoing allegations is incorporated by reference as though fully set forth at length herein.

38. Defendants' use of the Opera Wine infringing designation is likely to cause confusion, or to cause mistake, or to deceive as to origin, sponsorship or approval of Defendants'

goods, services, or commercial activities, in violation of Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1)).

39. The aforesaid infringement by Defendants was committed willfully, knowingly, maliciously, and in conscious disregard of INNOVINO's rights.

40. The aforesaid infringement by Defendants has caused, and unless restrained by this Court will continue to cause, immediate and irreparable injury to INNOVINO's property and business including but not limited to loss of income, profits, reputation and goodwill.

41. Furthermore, Defendant Luca Cimmarotta was previously a sales agent for INNOVINO. As such, the actions of Defendant Luca Cimmarotta were undertaken willfully and maliciously and with the intention of causing confusion, mistake, or deception, making this an "exceptional" case (as that term is employed in 15 U.S.C. § 1117), entitling Plaintiff to recover additional treble damages, reasonable attorneys' fees, investigative fees and pre-judgment interest pursuant to 15 U.S.C. § 1117.

42. Furthermore, Defendant Stephania Chiaro was previously an employee of a customer with which INNOVINO conducted business. As such, the actions of Defendant Stephania Chiaro were undertaken willfully and maliciously and with the intention of causing confusion, mistake, or deception, making this an "exceptional" case (as that term is employed in 15 U.S.C. § 1117), entitling Plaintiff to recover additional treble damages, reasonable attorneys' fees, investigative fees and pre-judgment interest pursuant to 15 U.S.C. § 1117.

43. INNOVINO has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

### Trademark Infringement In Violation of 15 U.S.C. § 1125(a)

44. Each of the foregoing allegations is incorporated by reference as though fully set forth at length herein.

45. Defendants' use of the Opera Wine infringing designation is likely to cause confusion, or to cause mistake, or to deceive as to origin, sponsorship or approval of Defendants' goods, services, or commercial activities, in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

46. The aforesaid infringement by Defendants was committed willfully, knowingly, maliciously, and in conscious disregard of INNOVINO's rights.

47. The aforesaid infringement by Defendants has caused, and unless restrained by this Court will continue to cause, immediate and irreparable injury to INNOVINO's property and business including but not limited to loss of income, profits, reputation and goodwill.

48. INNOVINO has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF

### Unfair Competition In Violation of 15 U.S.C. § 1125(a)

49. Each of the foregoing allegations is incorporated by reference as though fully set forth at length herein.

50. Defendants' use of the Opera Wine infringing designation constitutes unfair competition, in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

51. The aforesaid infringement by Defendants was committed willfully, knowingly, maliciously, and in conscious disregard of INNOVINO's rights.

52. The aforesaid infringement by Defendants has caused, and unless restrained by this Court will continue to cause, immediate and irreparable injury to INNOVINO's property and business including but not limited to loss of income, profits, reputation and goodwill.

53. INNOVINO has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF

### Common Law Unfair Competition

54. Each of the foregoing allegations is incorporated by reference as though fully set forth at length herein.

55. The aforesaid acts of Defendants constitute unfair competition and unfair business practices contrary to the common laws of the United States and State of New Jersey.

56. The aforesaid infringement by Defendants was committed willfully, knowingly, maliciously, and in conscious disregard of INNOVINO's rights.

57. The aforesaid infringement by Defendants has caused, and unless restrained by this Court will continue to cause, immediate and irreparable injury to INNOVINO's property and business including but not limited to loss of income, profits, reputation and goodwill.

58. INNOVINO has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF

### Unfair Competition Under N.J.S.A. §§ 56:4-1 *et. seg.*

59. Each of the foregoing allegations is incorporated by reference as though fully set forth at length herein.

60. Defendants' unauthorized use of the Opera Wine infringing designation in the importation, distribution, marketing and sale of its products and services constitutes acts of unfair competition through Defendants' appropriation for their own use of the name, brand, trademark, reputation, and goodwill of INNOVINO in violation of N.J.S.A. §§ 56:4-1 *et seq.*

61. The aforesaid infringement by Defendants was committed willfully, knowingly, maliciously, and in conscious disregard of INNOVINO's rights.

62. The aforesaid infringement by Defendants has caused, and unless restrained by this Court will continue to cause, immediate and irreparable injury to INNOVINO's property and business including but not limited to loss of income, profits, reputation and goodwill.

63. INNOVINO has no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF

### Deceptive Acts and Practices in Violation of
### The Common Law of the State of New Jersey

64. Each of the foregoing allegations is incorporated by reference as though fully set forth at length herein.

65. Defendants' use of the Opera Wine infringing designation in the importation, distribution, marketing and sale of its products and services constitutes deceptive trade practices in violation of the common law of the State of New Jersey.

66. The aforesaid infringement by Defendants was committed willfully, knowingly, maliciously, and in conscious disregard of INNOVINO's rights.

67. The aforesaid infringement by Defendants has caused, and unless restrained by this Court will continue to cause, immediate and irreparable injury to INNOVINO's property and business including but not limited to loss of income, profits, reputation and goodwill.

68. INNOVINO has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff INNOVINO INTERNATIONAL, INC. respectfully requests that the Court order the following relief:

A. A preliminary and permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and this in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from:

1. Using, reproducing, advertising or promoting in connection with any product or service the INNOVINO name or trademark or logo or any name or trademark or logo confusingly similar therewith;

2. Using, reproducing, advertising or promoting any slogan, logo, mark or name that may be calculated to represent or that has the effect of representing that the products or services of Defendants or any other person are sponsored by, authorized by, or in some way associated with INNOVINO;

3. Injuring the commercial reputation, renown, and goodwill of INNOVINO or the INNOVINO trademark and logo;

        4. Using or reproducing any word, term, name, symbol, logo or device of any combination thereof, on any product or in connection with any service that confuses of falsely represents or misleads, is calculated to confuse, falsely represent, or mislead, or that has the effect of confusing, falsely representing or misleading, that that the products, services of activities of Defendants or another are in some way connected with INNOVINO, or is sponsored, approved, or licensed by INNOVINO.

        5. Unfairly competing with INNOVINO in any way whatsoever; and

        6. Causing a likelihood of confusion with respect to INNOVINO or any injury to the business reputation of INNOVINO;

    B. Directing that Defendants, within thirty (30) days of Judgment, to file with the Court and serve on Plaintiff a sworn statement setting forth in detail the manner in which Defendants have complied with this injunction pursuant to 15 U.S.C. § 1116(a) and N.J.S.A. 56:4-2.

    C. Directing the Defendants, at their cost, to deliver up for destruction to Plaintiff all unauthorized products, labels, literature, advertisements and other material in their possession bearing the Opera Wine infringing designation pursuant to 15 U.S.C. § 1118 and N.J.S.A. 56:4-2.

    D. Ordering Defendants to transfer the www.operawineimports.com domain to Plaintiff.

    E. Awarding Plaintiff all damages it sustained as the result of Defendants acts of infringement and unfair competition, said amount to be trebled, together with prejudgment interest, pursuant to 15 U.S.C. § 1117 and N.J.S.A. 56:4-2.

    F. Awarding Plaintiff all profits received by Defendants from sales and revenues of any kind made as a result of their infringing actions, said amount to be trebled, after an accounting,

pursuant to 15 U.S.C. § 1117 and N.J.S.A. 56:4-2.

G.  Awarding treble actual damages and profits pursuant to 15 U.S.C. § 1117 because Defendants' conduct was willful within the meaning of the Lanham Act.

H.  Awarding Plaintiff its attorneys' fees and costs pursuant to 15 U.S.C. § 1117 because of the exceptional nature of this case from Defendants' deliberate infringing actions.

I.  Awarding Plaintiff compensatory, consequential, and/or incidental damages.

J.  Awarding Plaintiff treble, exemplary, and/or punitive damages.

K.  Awarding reasonable attorney fees and costs of this action.

L.  Awarding Plaintiff prejudgment and postjudgment interest on the above monetary awards.

M.  Such other and further relief as this Court deems equitable and just.

## DEMAND FOR JURY TRIAL

Plaintiff, INNOVINO INTERNATIONAL, INC. demands a trial by jury of twelve of all issues so triable.

> Respectfully submitted,
> INNOVINO INTERNATIONAL, INC.
> Danielle Hall, Esq.
> General Counsel
> 7707 North University Drive
> Suite 108
> Tamarac, FL 33321
> Attorney for Plaintiff

Dated: _June 8, 2013_____          By: _s/ Danielle Hall_____
                                            Danielle Hall, Esq. (DH 5811)
                                            Telephone: 305-505-6205
                                            Email: dhall@innovino.com

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

The undersigned hereby certifies, pursuant to Local Civil Rule 11.2, that with respect to the matter in controversy herein, neither Plaintiff nor Plaintiff's attorney is aware of any other action pending in any court, or any pending arbitration or administrative proceeding, to which this matter is subject.

|  |  |
|---|---|
|  | INNOVINO INTERNATIONAL, INC. |
|  | Danielle Hall, Esq. |
|  | General Counsel |
|  | 7707 North University Drive |
|  | Suite 108 |
|  | Tamarac, FL 33321 |
|  | Attorney for Plaintiff |
| Dated:___June 8, 2013_____ | By: _s/ Danielle Hall_____ |
|  | Danielle Hall, Esq. (DH 5811) |
|  | Telephone: 305-505-6205 |
|  | Email: dhall@innovino.com |